UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NICHOLAS JOHNSON, and MELVIN ALVAREZ, Individually and on behalf of all other persons similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>DREAMWORK AUTOMOTIVE CORP., BEASTMODE TOWING AUTOMOTIVE BK, and PEOPLE'S CHOICE AUTOMOTIVE CORP., Jointly and Severally,<br><br>    Defendants. | ECF CASE<br><br>No.:<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED |

## NATURE OF THE ACTION

1.      Plaintiffs Nicholas Johnson and Melvin Alvarez assert on their behalf and on behalf of all other similarly situated current and former employees of Defendants Dreamwork Automotive Corp. ("Dreamwork"), Beastmode Towing Automotive BK ("Beastmode"), and People's Choice Automotive Corp. ("People's Choice") that Defendants failed to pay them overtime under the Fair Labor Standards Act, 29 U.S.C. § 216(b).

2.      Plaintiffs assert on their behalf and on behalf of all other similarly situated current and former employees of Defendants that Defendants failed to pay overtime premium pay under the New York Labor Law ("N.Y. Lab. Law"), unlawfully deducted their pay under N.Y. Lab. Law § 193, failed to provide an accurate Notice and Acknowledgement of Payrate and Payday under N.Y. Lab. Law § 195.1, and failed to provide accurate wage statements under N.Y. Lab. Law § 195.3.

3. Plaintiff Johnson asserts, on an individual basis, that Defendants discriminated against him based on his disability by unlawfully terminating his employment in violation of the New York State Human Rights Law and New York City Human Rights Law.

## JURISDICTION & VENUE

4. This Court has subject matter jurisdiction over the FLSA claim under 28 U.S.C. §§ 1331 and supplemental jurisdiction over the state and city law claims under 28 U.S.C. § 1367. This Court also has jurisdiction over the FLSA claim under 29 U.S.C. § 216(b).

5. Venue is proper in this District under 28 U.S.C. § 1391(b)(2).

6. This Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

7. Plaintiff Johnson was at all relevant times an adult individual residing in Queens, New York.

8. Plaintiff Alvarez was at all relevant times an adult individual residing in Bronx, New York.

9. Dreamwork is a domestic business corporation that is organized under New York law and authorized to do business in the State of New York. Its principal place of business is at 550 West 25th Street, New York, New York 10001.

10. Beastmode is a domestic business corporation that is organized under New York law and authorized to do business in the State of New York. Its principal place of business is at 1301 Westchester Avenue, Bronx, New York 10459.

11. People's Choice is a domestic business corporation that is organized under New York law and authorized to do business in the State of New York. Its principal place of business is at 1301 Westchester Avenue, Bronx, New York 10459.

12. Upon information and belief, Defendants operate as a collective enterprise and are engaged in commerce or in the production of goods for commerce, because, *inter alia*, they have employees that handle goods and materials that have been produced for and moved in commerce, and, upon information and belief, its annual gross volume of business is at least $500,000.00.

## STATEMENT OF FACTS

Defendants' Integrated Business Enterprise[1]

13. Defendants operate as one integrated commercial enterprise.

14. At all relevant times, Defendants were Plaintiffs' joint employers.

15. At all relevant times, Dreamwork maintained and processed the insurance, registration, and credit card payments related to the operation of the trucks that Plaintiffs drove for work.

16. At all relevant times, Beastmode advertised its services and contact information on the trucks that Plaintiffs drove for work.

17. At all relevant times, People's Choice issued Plaintiffs their pay checks on each pay day. The pay stubs on these checks state People's Choice full corporate name and its principal place of business.

18. At all relevant times, People's Choice and Beastmode share an address as their principal places of businesses.

---

[1] These subject lines are included only for organizational purposes.

Plaintiff Johnson's Duties Performed and Hours Worked

19. Defendants employed Plaintiff Johnson as a tow truck driver from June 14, 2023 to August 29, 2023.

20. Plaintiff Johnson's primary duties included towing vehicles for Defendants' customers throughout New York State, and returning Defendants' truck to their facilities at the end of his shift.

21. From June 14, 2023 until approximately August 11, 2023, Plaintiff Johnson worked the following schedule for Defendants: his regular work schedule was Monday to Friday, driving from 5:00 p.m. to 5:00 a.m., while being required to arrive about 30 minutes before departure and needing anywhere from 15 to 90 minutes to return the truck to Defendants' facilities after his deliveries were made, totaling between 12 hours and 45 minutes and 14 hours for each day and 63 hours and 45 minutes and 84 hours per week.

22. From approximately August 14, 2023 until approximately August 29, 2023, Plaintiff Johnson worked the following schedule for Defendants: his regular work schedule was Monday to Friday, driving from 7:00 a.m. to 7:00 p.m., while being required to arrive about 30 minutes before departure and needing anywhere from 15 to 90 minutes to return the truck to Defendants' facilities after his deliveries were made, totaling between least 12 hours and 45 minutes and 14 hours for each day and 63 hours and 45 minutes and 84 hours per week.

Plaintiff Alvarez's Duties Performed and Hours Worked

23. Defendants employed Plaintiff Alvarez as a tow truck driver from June 26, 2023 to August 22, 2023.

24. Plaintiff Alvarez's primary duties included towing vehicles for Defendants' customers throughout New York State, and returning Defendants' truck to its facilities at the end of his shift.

25. Throughout his employment, Plaintiff Alvarez worked the following schedule for Defendants: his regular work schedule was Monday to Friday, driving from 5:00 a.m. to 7:00 p.m., while being required to arrive about 30 minutes before departure and needing anywhere from 15 to 90 minutes to return the truck to Defendants' facilities after his deliveries were made, totaling between least 14 hours and 45 minutes and 16 hours per day and 73 hours and 45 minutes and 80 hours per week.

26. Plaintiff Alvarez complained to Defendants' owner, Joseph Rosario, that Defendants' tow truck drivers were not getting paid overtime, but the complaint went unaddressed.

27. Plaintiffs worked with, at any one time, at least 40 other drivers.

28. Throughout Plaintiffs' employment, Defendants would regularly deduct pay from their wages that Defendants claimed were attributable to damage and/or maintenance to their trucks.

Plaintiffs' Hourly Rate

29. Defendants paid Plaintiffs $225 per day.

30. Defendants paid Plaintiffs the $225 day rate regardless of how many hours they worked in a week.

31. Plaintiffs regularly worked over 40 hours each week.

32. Defendants did not pay Plaintiffs overtime premium pay for any hour worked above 40 in week.

33. From speaking with them and personally observing them at work, Plaintiffs know that other drivers, like them, worked similar hours, were paid a flat daily rate, and were not paid overtime. Additionally, Plaintiffs know of similarly situated individuals through access to Defendants' payroll records. Some of these individuals include the other co-Plaintiff named in this Complaint, along with Jose Rodriguez, Charith Livadipita, Paul Pavlakis, Jadin Yearwood, Williams Everald, and Chandrea Barney.

<u>Defendants' Labor Law Notice Violations and Number of Employees</u>

34. Defendants did not provide Plaintiffs or the other tow truck drivers with the Notice and Acknowledgment of Payrate and Payday under N.Y. Lab. Law § 195.1 when they were hired or at any point in their employment.

35. Defendants did not provide Plaintiffs or the other tow truck drivers with accurate wage statements with any wage payment as required under N.Y. Lab. Law § 195.3.

36. From speaking with them and personal observations, Plaintiffs know that other tow truck drivers, like them, were not provided with the § 195.1 Notice or N.Y. Lab. Law § 195.1 wage statements.

37. Based on Plaintiffs' personal observations at work, Defendants employ or have employed at least 40 similarly situated employees over the previous six years.

<u>Defendants Unlawfully Terminated Plaintiff Johnson's Employment</u>

38. On August 26, 2023, Plaintiff Johnson was involved in a motor vehicle accident while driving Defendants' tow truck.

39. Plaintiff Johnson suffered numerous injuries, including to his knee, that rendered him "disabled" under the NYSHRL and NYCHRL, and prevented him from carrying out his daily work duties and the exercise of normal bodily functions.

40. Plaintiff Johnson immediately sought medical treatment for the resulting injuries including his knee.

41. Two days after the accident, Plaintiff Johnson called Defendants' owner, Joseph Rosario, seeking the company's workers compensation insurance information.

42. In response, Rosario yelled about how no one has ever asked for that information in the past and abruptly hung up on Plaintiff Johnson.

43. Plaintiff Johnson called back, but Rosario hung up again, before texting Plaintiff Johnson to bring back Defendants' tow truck and go home.

44. When Plaintiff texted back asking if that meant he was fired, Rosario just re-sent his last text message.

45. On August 30, 2023, Plaintiff Johnson called Rosario several times to see if he was still employed, but Rosario kept sending the calls to voicemail without answering.

46. Later that day, Defendants' office manager, Ish, texted Plaintiff Johnson about returning his equipment including Defendants' garage door opener, effectively ending his employment with Defendants. Plaintiff Johnson has not worked for Defendants since.

47. On September 2, 2023, Plaintiff Johnson had a doctor appointment for his injuries from the crash.

48. The doctor's office called Rosario for insurance information. Rosario refused and instead told Plaintiff Johnson that he would call the police and accuse him of committing a hit and run on the day of the accident if he kept pursuing a workers compensation claim.

49. Plaintiff Johnson would not have been fired, or threatened to be reported to the police, if not for his disabilities.

## COLLECTIVE ACTION ALLEGATIONS

50. Under 29 U.S.C. § 206, Plaintiffs seek to assert these allegations and claims as a collective action:

> All persons whom Defendants employ and have employed as tow truck drivers at any time from November 28, 2020, to the entry of judgment in this case (the "Collective Action Members").

51. Plaintiffs and the Collective Action Members are similarly situated on several legal and factual issues, including:

    a. Defendants employed Plaintiffs and the Collective Action Members;

    b. Plaintiffs and the Collective Action Members performed similar duties;

    c. Defendants willfully or recklessly violated the FLSA;

    d. Defendants failed to pay Plaintiffs and the Collective Action Members overtime premiums required by the FLSA; and

    e. Defendants should be enjoined from violating the FLSA in the future.

52. The statute of limitations should be estopped or equitably tolled due to Defendants' statutory violations.

## CLASS ALLEGATIONS

53. Plaintiffs assert these allegations on their own and on behalf of persons under Fed. R. Civ. P. 23(a), (b)(2) and (b)(3):

> All persons whom Defendants employ and have employed as tow truck drivers at any time from November 28, 2017, to the entry of judgment in this case (the "Class Members").

54. The Class Members identified above are so numerous that joinder of all of them is impracticable. Although the precise number of such persons is unknown and the facts upon which

calculating that number are within Defendants' sole control, upon information and belief, at least 40 Class Members exist.

55. Plaintiffs' claims are typical of the Class Members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in court against a corporate defendant.

56. Defendants have acted or refused to act on grounds generally applicable to the Class Members, thereby making appropriate final injunctive relief or corresponding declaratory relief.

57. Plaintiffs are committed to pursuing this action and has retained competent counsel experienced in wage and hour law and class action litigation.

58. Plaintiffs have the same interest in this matter as all other Class Members and his claims are typical of theirs.

59. Common questions of law and fact exist as to the Class Members that predominate over any questions solely affecting the individual Class Members, including:

    a. whether Defendants employed Plaintiffs and the Class Members within the meaning of the Labor Law;

    b. whether Defendants violated the N.Y. Lab. Law by failing to pay Plaintiffs and the Class Members overtime premiums for hours worked over 40 in a week;

    c. whether Defendants violated the N.Y. Lab. Law by unlawfully deducting pay from Plaintiffs and the Class Members;

    d. whether Defendants violated the N.Y. Lab. Law by failing to provide Plaintiffs and the Class Members with the Notice and Acknowledgement of Payrate and Payday required under N.Y. Lab. Law § 195.1;

  e. whether Defendants violated the N.Y. Lab. Law by failing to provide Plaintiffs and the Class Members with accurate wage statements required under N.Y. Lab. Law § 195.3;

  f. whether Defendants are liable for all claimed damages, including liquidated damages and attorneys' fees and expenses; and

  g. whether Defendants should be enjoined from such violations of the N.Y. Lab. Law in the future.

### FIRST CAUSE OF ACTION
### FAILURE TO PAY OVERTIME UNDER THE FLSA
(On Behalf of Plaintiffs and the Collective Action Members)

60. Plaintiffs repeat every preceding allegation as if set forth fully herein.

61. Defendants were required to pay Plaintiffs and the Collective Action Members no less than 1.5 times the regular rate at which they were employed for all hours worked in excess of 40 hours in a workweek under the overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

62. Plaintiffs were employees under the FLSA.

63. Defendants were Plaintiffs' joint "employers" under the FLSA.

64. At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiffs and the Collective Action Members the proper overtime compensation for his hours worked in excess of 40 hours per workweek.

65. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful, making its violations willful or reckless.

66. Defendants knowingly engaged in this unlawful conduct pursuant to a corporate policy that had one goal: minimizing their labor costs.

67. Defendants have not made a good faith effort to comply with the FLSA with respect to Plaintiffs' and the Collective Action Members' compensation.

68. Defendants have failed to make, keep and preserve records with respect to their employees sufficient to determine the wages, hours, and other conditions and practices of employment, violating the FLSA, 29 U.S.C. §§ 201, 207(a)(1) and 215(a).

SECOND CAUSE OF ACTION
FAILURE TO PAY OVERTIME UNDER THE LABOR LAW
(On Behalf of Plaintiffs and the Class Members)

69. Plaintiffs repeat every preceding allegation as if set forth fully herein.

70. Plaintiffs were employees under the N.Y. Lab. Law.

71. Defendants were Plaintiffs' "employers" under N.Y. Lab. Law.

72. Defendants jointly employed Plaintiffs within the meaning of N.Y. Lab. Law.

73. Under the Labor Law and supporting New York State Department of Labor Regulations, Defendants were required to pay Plaintiffs and the Class Members 1.5 times their regular rate of pay for all hours he worked in excess of 40 per workweek.

74. Defendants failed to pay Plaintiffs and the Class Members the overtime wages to which they were entitled, violating N.Y. Lab Law § 650 and Part 142 § 142-2.2 of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act.

75. Defendants willfully violated the Labor Law by knowingly and intentionally failing to pay Plaintiffs and the Class Members overtime pay.

76. Due to Defendants' Labor Law violations, Plaintiffs and the Class Members are entitled to recover from Defendants their unpaid wages, liquidated damages, reasonable attorneys'

fees, costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CAUSE OF ACTION
### UNLAWFUL DEDUCTIONS UNDER THE LABOR LAW
(On Behalf of Plaintiffs and the Class Members)

77. Plaintiffs repeat every preceding allegation as if set forth fully herein.

78. Article 6 of the New York Labor Law expressly prohibits employers from making "any deduction from the wages of an employee." N.Y. Lab. Law § 193(1).

79. Defendants violated N.Y. Lab. Law § 193 and § 198 by "fail[ing] to pay wages" to Plaintiffs and the Class Members through making unlawful deductions to their pay for damages and/or maintenance to Defendants' tow trucks.

80. Due to Defendants' Labor Law violations, Plaintiffs and the Class Members are entitled to recover from Defendants their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

### FOURTH CAUSE OF ACTION
### FAILURE TO PROVIDE THE N.Y. LAB. LAW § 195.1 NOTICE
(On Behalf of Plaintiffs and the Class Members)

81. Plaintiffs repeat every preceding allegation as if set forth fully herein.

82. Defendants willfully failed to supply Plaintiffs and the Class Members with the required Notice and Acknowledgment of Pay Rate and Payday under N.Y. Lab. Law § 195.1(a) within 10 business days of their first employment date.

83. Defendants' failure to provide Plaintiffs and the Class Members with the required Notice and Acknowledgement of Pay Rate and Payday harmed them by denying them the information necessary to determine whether they were being paid overtime premium pay and

whether unlawful deductions were being taken from their pay.

84. Due to Defendants' violations of N.Y. Lab. Law § 195.1, Plaintiffs and the Class Members are entitled to recover $50.00 for each workday that the violations occurred or continue to occur, or a maximum of $5,000.00, reasonable attorneys' fees, costs, injunctive and declaratory relief. N.Y. Lab. Law § 198(1)-b (2016).

FIFTH CAUSE OF ACTION
FAILURE TO PROVIDE THE N.Y. LAB. LAW § 195.3 WAGE STATEMENT
(On Behalf of Plaintiffs and the Class Members)

85. Plaintiffs repeat every preceding allegation as if set forth fully herein.

86. Plaintiffs were employees under the N.Y. Lab. Law.

87. Defendants were Plaintiffs' joint "employers" under the N.Y. Lab. Law.

88. Defendants willfully failed to supply Plaintiffs and the Class Members with an accurate wage statement with each payment of wages, violating N.Y. Lab Law § 195.3.

89. Defendants' failure to provide Plaintiffs and the Class Members with the required statement with every payment of wages harmed them by denying them the information necessary to determine whether they were being paid overtime premium pay and whether unlawful deductions were being taken from their pay.

90. Due to their violations of N.Y. Lab Law § 195.3, Plaintiffs and the Class Members are entitled to recover from Defendants $250.00 for each work day that the violations occurred or continue to occur, or a total of $5,000.00, reasonable attorneys' fees, costs, injunctive and declaratory relief. N.Y. Lab Law § 198(1)-d (2016).

## SIXTH CAUSE OF ACTION
### DISABILITY DISCRIMINATION UNDER THE NYSHRL
(On Behalf of Plaintiff Johnson)

91. Plaintiff Johnson repeats every preceding allegation as if fully set forth herein.

92. At all relevant times, Plaintiff Johnson was an "employee" and "person" within the meaning of the NYSHRL.

93. Defendants jointly employed Plaintiff Johnson within the meaning of the NYSHRL.

94. Plaintiff Johnson's injuries constitute disabilities under the NYSHRL, N.Y. Exec. Law §§ 292(21)(a)-(c).

95. Defendants terminated Plaintiff Johnson's employment because of his disabilities.

96. Plaintiff Johnson would not have been terminated but for his disabilities.

97. Defendants' decision to terminate Plaintiff Johnson violated the NYSHRL. N.Y. Exec. Law §§ 296(1)(a) and 296(3)(a).

98. As a result of Defendants' unlawful conduct, Plaintiff Johnson has suffered and continues to suffer, *inter alia*, loss of wages, emotional distress, mental anguish, emotional pain, physical pain and suffering, inconvenience, loss of enjoyment of life and medical expenses.

## SEVENTH CAUSE OF ACTION
### DISABILITY DISCRIMINATION UNDER THE NYCHRL
(On Behalf of Plaintiff Johnson)

99. Plaintiff Johnson repeats every preceding allegation as if fully set forth herein.

100. At all relevant times, Plaintiff Johnson was an "employee" and "person" within the meaning of the NYCHRL.

101. At all relevant times, Defendants jointly employed Plaintiff Johnson within the meaning of NYCHRL.

102. Plaintiff Johnson's injuries described herein constitute disabilities under the NYCHRL, N.Y.C. Admin. Code § 8-102(16)(a).

103. Defendants terminated Plaintiff Johnson's employment because of his disabilities.

104. Plaintiff Johnson would not have been terminated but for his disabilities.

105. Defendants' decision to terminate Plaintiff Johnson violated the NYCHRL.

106. As a result of Defendants' unlawful conduct, Plaintiff Johnson has suffered and continues to suffer, *inter alia*, loss of wages, emotional distress, mental anguish, emotional pain, physical pain and suffering, inconvenience, loss of enjoyment of life and medical expenses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and N.Y. Lab. Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award for unpaid overtime pay under the FLSA and N.Y. Lab. Law;

d. An award for failing to provide the Notice and Acknowledgment of Pay Rate and Payday under N.Y. Lab. Law § 195.1;

e. An award for failing to provide the required wage statement under N.Y. Lab. Law § 195.3;

f. An award of liquidated damages as a result of Defendants' N.Y. Lab. Law violations;

g. An award of liquidated damages as a result of Defendants' willful FLSA violations;

a. Defendants being jointly and severally liable;

b. Equitably tolling the statute of limitations under the FLSA;

c. An award of pre-judgment and post-judgment interest;

d. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

e. Such other and further relief as this Court deems just and proper.

WHEREFORE, Plaintiff Johnson respectfully requests this Court grant the following relief:

f. Accepts jurisdiction over this matter.

g. Impanels and charges a jury with respect to the causes of action.

h. Awards him the following damages jointly and severally (as specified in each count) against Defendants:

i. Back pay, front pay, and all benefits along with pre and post judgment interest.

j. Punitive, liquidated and compensatory damages including, but not limited to, damages for pain and suffering, anxiety, humiliation, loss of enjoyment of life, physical injury and emotional distress, and medical expenses in order to compensate him for the injuries he has suffered and to signal to other employers that discrimination is repulsive to legislative enactments;

k. Attorneys' fees, costs and expenses to the fullest extent permitted by law.

l. Any other relief that this Court deems just and equitable.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury on all questions of fact the Complaint raises.

Dated: New York, New York
       November 28, 2023

                              LIPSKY LOWE LLP

                              s/ Douglas B. Lipsky
                              Douglas B. Lipsky
                              Frank J. Tantone
                              420 Lexington Avenue, Suite 1830
                              New York, New York 10170-1830
                              Tel: 212.392.4772
                              Fax: 212.444.1030
                              doug@lipskylowe.com
                              frank@lipskylowe.com
                              *Attorneys for Plaintiffs and*
                              *all other persons similarly situated*

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Defendants Defendants Dreamwork Automotive Corp. ("Dreamwork"), Beastmode Towing Automotive BK ("Beastmode"), and People's Choice Automotive Corp. ("People's Choice") to pay me the wages owed as required under the Fair Labor Standards Act and/or New York Labor Law and also authorize the filing of this consent in the action(s) challenging such conduct, and to preserve and pursue any claim that I may have to the greatest extent possible. I expressly consent to the use of this consent form for purposes of making me a party plaintiff in any lawsuit and/or lawsuits that Lipsky Lowe LLP has brought and/or may bring on my behalf and other employees alleged to be similarly situated.

_____   11/18/2023
Signature                           Date

_____
Print Name: Nick Johnson

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Defendants Defendants Dreamwork Automotive Corp. ("Dreamwork"), Beastmode Towing Automotive BK ("Beastmode"), and People's Choice Automotive Corp. ("People's Choice") to pay me the wages owed as required under the Fair Labor Standards Act and/or New York Labor Law and also authorize the filing of this consent in the action(s) challenging such conduct, and to preserve and pursue any claim that I may have to the greatest extent possible. I expressly consent to the use of this consent form for purposes of making me a party plaintiff in any lawsuit and/or lawsuits that Lipsky Lowe LLP has brought and/or may bring on my behalf and other employees alleged to be similarly situated.

_____     _11/17/2023_____
Signature                                                    Date

_Melvin J Alvarez_____
Print Name